647 So.2d 625 (1994)
Mary Eula WRIGHT and Johnnie Wright, Plaintiffs-Appellants,
v.
Rick BRYANT, Calcasieu Parish District Attorney and Wayne McElveen, Sheriff of Calcasieu Parish, Defendants-Appellees.
No. 94-579.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Writ Denied March 10, 1995.
*626 David Jefferson Williams, Lake Charles, for Mary Eula Wright et vir.
Robert C. McCorquodale, Lake Charles, for Rick Bryant D.A., et al.
Before DOUCET, COOKS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal from a judgment in a civil forfeiture case. The sole issue on appeal is whether the trial court erred in finding that the claim of appellant, Mary Eula Wright, for the seized property was not timely filed.

FACTS
On July 21, August 11, and August 31, 1993, Mary Eula Wright distributed cocaine to an undercover officer of the Calcasieu Parish Sheriff's Office. As a result, on August 31, 1993 and into the following morning, officers of the Calcasieu Parish Sheriff's Office executed arrest warrants on Mary Wright at her residence. A search warrant was obtained for the residence and after the ensuing search, $18,785.00 in currency and various household items and furniture were seized pursuant to LSA-R.S. 40:2601 et seq.
Wright filed a Motion for Probable Cause Hearing and Speedy Trial under a criminal docket number. On November 5, 1993, the matter came to hearing and Wright was instructed by the judge to refile the motion under the civil statute. On November 9, 1993, a Notice of Pending Forfeiture was mailed certified return receipt requested to Wright, pursuant to LSA-R.S. 40:2608(3). On December 29, 1993, Wright filed a claim of ownership to the seized property. On December 8, 1993, an additional Notice of Forfeiture was mailed to Wright to include a 1977 Dodge pickup truck. Thereafter, Wright filed a second claim with regard to the second notice only.
The State then filed a Motion to Strike all portions of the claim that dealt with property other than the pickup truck. The trial judge ruled that Wright's claim to the first notice was not timely filed, and the only valid claim was the latter claim filed in conjunction with the second notice. Wright appeals.

DISCUSSION
Wright contends that the trial court erred in finding that her claim for release of the seized property was not timely filed. The crux of Wright's argument is that the Motion for Probable Cause Hearing and Speedy Trial constituted a claim under LSA-R.S. 40:2601 et seq. In the alternative, Wright suggests that the trial judge's granting of leave to amend made her subsequent filing of a claim timely by virtue of the relation back provisions of Code of Civil Procedure article 1153. We find neither argument persuasive.
LSA-R.S. 40:2610 governs the filing of claims under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989. As such, it prescribes the proper parties, form, and time for claims to be made. The statute specifically provides that "the claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after the Notice of Pending Forfeiture". In addition, the statute provides *627 that no extension of time shall be granted for the filing of a claim.
In this case, the petition Wright relies on was not in the form prescribed by the statute. In addition, the trial court is specifically prohibited from granting the extension Wright claims to have received. Finally, had such an extension been granted, it constituted only leave to amend the petition filed. A petition is not a claim under the Forfeiture Act.
It is true, as Wright claims, that there are provisions in the Forfeiture Act that allow the filing of petitions in district court, however, none of these provisions dispenses with the claim provisions of LSA-R.S. 40:2610. In fact LSA-R.S. 40:2611, relied on by Wright, specifically requires that the petitioner comply with the claim provisions of section 2610 before the trial court may take action.
Wright's last argument is that the Notice of Pending Forfeiture form was misleading and led her to believe that a petition was sufficient to preserve her rights. We have examined the notice carefully and do not find it to be misleading. The notice tracks the language of the Forfeiture Act and clearly sets out the claimant's alternatives.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.