I2FOGG, Judge.
By this appeal Melvin Holmes seeks to have a judgment forfeiting his 1987 Ford automobile declared null and void claiming the State of Louisiana, through the District Attorney’s Office for the Twenty-Second Judicial District Court in and for Washington Parish (the State) did not comply with the procedural requirements of the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, LSA-R.S. 40:2601 et seq. We reverse and remand.
On July 9, 1991, the Washington Parish Sheriffs Office obtained a search warrant for the residence of Melvin Holmes. Pursuant to the search warrant, the law enforcement officers seized twenty-six marijuana plants and other items, including a 1987 Ford automobile which is the subject of this appeal. Holmes was arrested and charged with the crime of cultivation of marijuana.
On November 4, 1991, pursuant to LSA-R.S. 40:2601 et seq., the State filed an in rem forfeiture proceeding against the Ford automobile. Judgment was rendered the same day ordering that the vehicle be forfeited to the Washington Parish Drug Task Force. Pursuant to LSA-C.C.P. art. 2002, Holmes filed the instant action seeking to have the judgment of forfeiture declared null and void on the basis that the State failed to comply with the statutory requirements for obtaining the forfeiture. The trial court dismissed the action for nullity. Holmes appeals that judgment, asserting, in part, that the State failed to properly notify him of the pending forfeiture.
LSA-R.S. 40:2608 provides that in order to initiate forfeiture proceedings the district attorney shall serve a notice of pending forfeiture within one hundred and twenty days after the property has been seized for forfeiture. The notice of pending forfeiture shall be given in accordance with one of the following:
(a) If the owner’s or interest holder’s name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
(b) If the owner’s or interest holder’s name and address 13are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner’s or interest holder’s current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.
(c) If the owner’s or interest holder’s address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder’s interest is not known by publication in one *635 issue of the official journal in the parish in which the seizure occurs.
LSA-R.S. 40:2608(3).
Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of the seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action. LSA-R.S. 40:2608(4).
In the instant ease, a notice of pending forfeiture was sent to Holmes by certified mail on September 7, 1991; however, this notice did not include the date or place of the seizure. On October 4, 1991, an advertisement was run in the Bogalusa Daily News announcing the pending forfeiture of the vehicle; however, that notice did not include the date of the seizure.
The language of LSA-R.S. 40:2608(4) is clear and unambiguous and must be applied as written. LSA-C.C. art. 9. It requires that both the date and place of seizure be contained in the notice of pending forfeiture. Neither notice of pending forfeiture sent by the State complied with the mandatory requirements of that statute. The failure to properly serve a defendant with process as required by law is a vice of form upon which a judgment can be nullified. LSA-C.C.P. art. 2002(2). We find the trial court erred in dismissing Mr. Holmes’ petition to have the forfeiture declared null. Considering the disposition of the foregoing issue, we pretermit the other issues raised on appeal.
For these reasons, the judgment of the trial court dismissing the defendant’s action for nullity is reversed; judgment is rendered declaring the judgment of forfeiture null and void. This Lease is remanded to the trial court for the determination of damages. Costs of this appeal in the sum of $488.42 are assessed against the State.
REVERSED AND REMANDED.