JiBROWN, Judge.
On November 19, 1996, defendant, DeSh-awn Branch, was arrested for possession of cocaine. Four ounces of crack cocaine, a gun, scales, and $676 in cash were discovered during a search of Branch’s person. In a statement to the arresting officer, Branch admitted that the money came from the sale of drugs. Branch was subsequently convicted of possession of cocaine (over 28 grams but less than 200 grams). On December 17, 1996, the state filed a notice of pending forfeiture regarding the $676, and Branch filed a claim to the property on December 20, 1996. On April 4, 1997, the state filed a petition for forfeiture in rem action, and on April 15, 1997, Branch filed an answer, along with a motion for the release of the cash. Trial of the forfeiture action was held on December 11, 1997, and the currency was ordered forfeited by the trial court.

Discussion

Branch first contends that the state did not make a stipulation of exemption. The notice of pending forfeiture, however, specifically states that stipulations of exemption were available to bona fide owners and interest holders in the seized property in aeeor-dance with La. R.S. 40:2609. Branch has never claimed any exemption.
The second and third issues presented are related and, thus, are treated together. Branch asserts that the state failed to timely pursue forfeiture in accordance with the provisions of La. R.S. 40:2608(1) and that the trial court erred in failing to release the currency from seizure.
, La. R.S. 40:2608(1) essentially states that when the state fails to timely pursue forfeiture by filing a petition within 90 days after notice of pending forfeiture, the property shall be released on the proper request of an owner or interest holder, pending further proceedings pursuant to the provisions of the |2Seizure and Controlled Dangerous Substances Property Forfeiture Act, La. R.S. 40:2601, et seq. Under these statutory provisions, the failure of the state to timely pursue forfeiture does not prevent the state from continuing forfeiture proceedings; failure to timely pursue forfeiture simply allows the property to be released upon a proper request to an owner or interest holder during the pendency of the forfeiture proceedings. Thus, once such forfeiture proceedings have concluded, and the property is ordered forfeited, there is no remedy for an owner or interest holder who was unsuccessful in obtaining possession of the property during the pendency of the forfeiture proceedings. Thus, Branch’s unsuccessful attempt to retrieve his property is moot as the court has ordered it forfeited.
In addition, Branch’s unsuccessful attempt to obtain the release of the currency is due to his failure to conform to the procedural requirements of La. R.S. 40:2610, which provides in part that the claim shall be sent to the seizing agency and to the district attorney by certified mail, return receipt requested. The record shows that Branch failed to do this. Instead, he filed his claim with the clerk of court which will not suffice. See Wright v. Bryant, 94-579 (La.App. 3d Cir.12/07/94), 647 So.2d 625.
The last issue that Branch raises on appeal concerns whether the trial court erred by allowing hearsay from police officers at the forfeiture trial. In proving its case for *156 forfeiture, the state called two officers who were present when Branch was arrested. Both testified that after being read his Miranda rights, Branch made a voluntary statement while being transported to the police station that the money had in fact come from the sale of drugs. Under the provisions of La. C.E. art. 801(D)(2)(a), a statement is not hearsay if the statement is offered against a party |3and is his own statement, either in his individual or a representative capacity. Thus, Branch’s statement was an admission against interest and not hearsay.
Further, under the provisions of La. R.S. 40:2611(G), money found in proximity to cocaine or instruments facilitating its distribution, such as scales, creates a permissible inference that the currency was involved with illegal conduct. Therefore, Branch’s confession and this inference are more than enough to support the trial court’s finding.

Conclusion

For the reasons set forth above, the judgment of the trial court is AFFIRMED at appellant’s cost.