727 So.2d 1240 (1999)
STATE of Louisiana
v.
PROPERTY LOCATED AT # 70 OAKLAND STREET and Michael Whalen.
No. 98-CA-929.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Rehearing Denied March 1, 1999.
*1241 Michael Whalen, Pineville, Louisiana, In Proper Person, Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and THOMAS F. DALEY.
DALEY, Judge.
This appeal concerns civil forfeiture pursuant to LSA-R.S. 40:2601 et seq. Defendant, Michael Whalen, appeals the judgment of forfeiture concerning his interest in the property located at 70 Oakland Street in Harahan, Louisiana. On appeal, he makes four assignments of error. First, the Notice of Pending Forfeiture was filed untimely under LSA-R.S. 40:2608; second, the state failed to provide a statement of nonexempt interest; third, the defendant was not provided with a reasonable opportunity to make a defense; and fourth, the forfeiture constitutes double jeopardy. For the reasons that follow, we affirm the judgment of forfeiture.
Whalen was arrested at his residence, 70 Oakland Street, on March 8, 1996, for possession of heroin. Pursuant to a plea agreement, he was sentenced to seven years at hard labor on November 12, 1996 for possession of heroin, a violation of LSA-R.S. 40:966(C). At his arrest, property consisting of $378 in currency and his residence at 70 Oakland Avenue were seized by the Harahan Police Department. Whalen is currently incarcerated.
*1242 The district attorney's Petition for Forfeiture In Rem Action was filed on July 8, 1997. Previously, the district attorney's office filed a Notice of Pending Forfeiture on March 20, 1997, which Whalen alleges he received service of on April 21, 1997. The Notice of Pending Forfeiture lists the seizure date as March 8, 1996. The Petition in Rem states that Whalen has made a claim in this matter.
The record shows that Whalen filed a Motion to Proceed In Forma Pauperis on October 27, 1997, which was granted. Next, Whalen filed Motion to Dismiss, alleging, among other things, that the State did not comply with the provisions of LSA-R.S. 40:2608(1), in that more than 120 days passed between the seizure of the property and the State's filing of the Notice of Pending Forfeiture. No order was attached to that motion, and it does not appear that it was ruled upon prior to trial.
Susan Lampley Brown[1] filed an affidavit objecting to the subject forfeiture on May 20, 1997, wherein she attested that she was the provisional administratrix of the Succession of Dolores Patterson Whalen, wife of and Joseph V. Whalen, and that the successions were the title holders to the subject property, not defendant Whalen, and further that defendant did not have the right to convey an interest in the property.
The record shows that the Petition in Rem was set for trial on February 25, 1998, and that Whalen was served with this notice. On February 6, 1998, Whalen filed Interrogatories into the record.
On February 25, 1998, the court heard the forfeiture action. Defendant Whalen was not present in court, apparently not having asked for a writ to be transported from jail to the hearing. The court considered his Motion to Dismiss and the arguments made therein. On the same day in open court, the trial court issued a judgment of forfeiture, ordering Whalen's interest in 70 Oakland Street forfeited, and also ordering the forfeiture of the $378 in cash. On March 16, 1998, Whalen filed a Motion for New Trial, arguing that he was denied his right to present a defense and that the state had the obligation to transport him to trial. He also alleged that the clerk of court advised him that the record did not contain his previously filed Motion to Traverse and Summary Judgment.[2] The Motion for New Trial was denied on the grounds that defendant also filed a Motion for Appeal on March 30, 1998, that was granted.
On April 14, 1998, defendant filed a Petition for Nullity, arguing that the notice requirements of LSA-R.S. 40:2608(1) were not met, that the State failed to provide him with a written proposed Stipulation of Exemption and Statement of Non-Exempt Interest, that defendant had no way to know that his Motion to Traverse and Summary Judgment was not filed by the court into the record, that he got notice of the trial date but had no way of knowing that he would not be brought to court for the trial, and that these violations of his constitutional rights were grounds for nullity under LSA-C.C.P. arts. 2002 and 2004. Whalen attached to this petition a Petition and Order for writ of Habeas Corpus Ad Testificandum, asking to be transported to court to testify when this matter was set for hearing (apparently learning from his past omission).
The State opposed the Petition for Nullity on the grounds that Whalen acquiesced in the judgment, because he admitted he knew of the trial date yet failed to attend or send any representative to attend, and he failed to file a writ requesting his presence at court as per LSA-C.C.P. art. 197. The State also argued that they never took possession of the property, and thus had never seized the property, prior to filing the Notice of Pending Forfeiture, and thus the 120 day time delay found in R.S. 40:2608(1) never began to run. The State also argued that their failure to provide Whalen with the Statement of Non-Exempt Interest was made moot by the *1243 State's decision to proceed by a Petition In Rem, a vehicle permitted at any time by R.S. 40:2609(B)(3).
Defendant appeared in court on May 25, 1998 to argue his action for nullity. The trial court, while complimenting him on his pleadings and arguments, ruled against him. A judgment was signed on May 27, 1998, dismissing his Petition of Nullity insofar as it referred to his interest in the property at 70 Oakland Street, but granting it insofar as it ordered forfeited the cash in the amount of $378, because the same was never referred to in the Notice of Pending Forfeiture or pleadings.
Whalen's appeal concerns the Judgment of Forfeiture.

AnalysisIssue # 1
The applicable law is found at LSA-R.S. 40:2601 et seq., the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989. At the time of Whalen's arrest in 1996, the applicable statute, LSA-R.S. 40:2608(1) read as follows, in pertinent part:
§ 2608. Commencement of forfeiture proceedings; property release requirements
Forfeiture proceedings shall be commenced as follows:
(1) If the district attorney fails to initiate forfeiture proceedings against property seized for forfeiture by serving Notice of Pending Forfeiture within one hundred and twenty days after its seizure for forfeiture or if the state fails to pursue forfeiture of the property upon which a timely claim has been properly served by filing a Petition for Forfeiture proceeding within ninety days after Notice of Pending Forfeiture, the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to the provisions of this Chapter.
(2) If, after Notice of Pending Forfeiture, a claimant filed a request for stipulation of exemption pursuant to Section 2610 of this Chapter, the district attorney may delay filing its judicial forfeiture proceeding for a total of one hundred and eighty days after the Notice of Pending Forfeiture.
The State filed a Notice of Pending Forfeiture on March 20, 1997. In that Notice, the date of seizure of the property is listed as March 8, 1996. In the nullity proceeding, the State argued, however, that it never seized the property prior to filing the Notice of Pending Forfeiture, and moreover that Whalen was confusing seizure with the date of his arrest. However, the State clearly listed March 8, 1996 as the date of seizure in its Notice of Pending Forfeiture, and the listing of this date is a mandatory statutory requirement without which the Notice is deemed insufficient. State v. 1987 Ford, 94-0803 (La.App. 1 Cir. 3/3/95), 652 So.2d 633. Therefore, we find that the State established the date of seizure in its Notice of Pending Forfeiture. Although the State argues that it never actually seized the property, it appears that there is a question regarding this because of the date of seizure listed.
The issue of the date of seizure in relation to the date of the filing of the Notice of Pending Forfeiture is moot, however, in light of R.S. 40:2608(1), which states that a property owner's remedy for the untimely filing of Notice of Pending Forfeiture is release of the property "pending further proceedings pursuant to the provisions of this Chapter." (Emphasis added.) The record does not show that Whalen requested the release of the property, although the Petition In Rem does acknowledge that he filed a claim. The in rem proceeding filed by the State on July 8, 1997, is a "further proceeding pursuant to the provisions of this Chapter", specifically provided for in R.S. 40:2612. Further, the State has seven years from the date of the conduct giving rise to forfeiture to initiate a civil action under this chapter. LSA-R.S. 40:2618. Therefore, the lapse of time between the date of seizure and the Notice of Pending Forfeiture does not serve to defeat the State's in rem action commenced by the filing of the Petition In Rem; the lapse of time would only allow a provisional release of the property on request of an owner or interest holder pending further proceedings. The record does not contain such a request for release. See also State v. *1244 $676 U.S. Currency Seized From DeShawn Branch, 31,095 (La.App. 2 Cir. 9/23/98), 719 So.2d 154. Thus, because Whalen did not request the provisional release of his property prior to the State's filing of the Petition in Rem, the lapse of more than 120 days between the date of seizure and the Notice of Pending Seizure is moot.

AnalysisIssue # 2
Defendant argues that the state failed to provide a statement of nonexempt interest. He alleges that he filed a timely request for stipulation of exemption, as per LSA-R.S. 40:2609; however, this does not appear in the record. (Whalen attaches a copy of a Request for Stipulation of Exemption to his appellate brief, but this court is prohibited from considering evidence attached to briefs that does not appear in the record. Notably, the affidavit attached does not attest that the mover has placed the same in the U.S. mail, as does the affidavit attached to the motion to dismiss.) Interestingly, the next pleading in the record, the Motion to Dismiss, refers to the untimeliness of the State's Notice of Pending Forfeiture, and also argues double jeopardy, but does not assert as a ground to dismissal the court's failure to provided a stipulation of exemption.
Stipulations of exemption are regulated by LSA-R.S. 40:2609. Paragraph A(1) states that the owner or interest holder may elect to file 1) a claim within thirty days after the Notice of Pending Forfeiture OR 2) a request for a stipulation of exemption with the district attorney within thirty days after the notice, but no request may be filed after a court action has been filed with the state. The State's Petition In Rem acknowledges that the defendant has filed a claim in this matter, but does not state that he requested a stipulation of exemption.
The Notice of Pending Forfeiture was filed on March 20, 1997. The record contains no request for stipulation of exemption. The stipulation of exemption and attached affidavit, attached to defendant's brief (although we may not consider it), dates that document as May 16, 1997, which is untimely under the statute as being filed more that thirty days after the date of the filing of the Notice of Pending Forfeiture.
Moreover, LSA-R.S. 40:2609 B(3) states that the district attorney may elect to proceed as provided herein for judicial forfeiture at any time. Thus, the issue of the stipulation of exemption or statement of nonexempt interest is moot.

AnalysisIssue # 3
In this assignment, defendant argues that he was not provided with a reasonable opportunity to make a defense, because he was not transported to the courthouse for the hearing.
In brief, defendant admits that he knew of the trial date, and was on the phone with the trial court several times the day of the hearing. He tacitly admits that he did not file a Petition and Order for Writ of Habeas Corpus Ad Testificandum, asking to be transported to court to testify when this matter was set for hearing.
LSA-C.C.P. art. 197 states in part:
B. When in any judicial proceeding the testimony of an inmate is required by law to be given in open court or an inmate is a party to a judicial proceeding under circumstances giving him the legal right to be present in open court at any stage of the proceeding, the trial judge, in his discretion, may order that the court be convened and the testimony of the inmate be taken, or the proceedings conducted, at the institution wherein the inmate is confined.
In the instant case, Whalen's testimony was not required by law. At a forfeiture hearing, the state bears the burden of proving, by a preponderance of the evidence, the relationship of the property to be forfeited to the conduct that gives rise to forfeiture. State v. One (1) 1991 Pontiac Trans Sport Van, 98-64 (La.App. 5 Cir. 7/9/98), 716 So.2d 446.
Nor does an inmate defendant have a legal right to be present at a civil forfeiture hearing. Articles 831-836 of the Code of Criminal Procedure outline when a defendant in a criminal proceeding is required to be present in court. These articles refer to *1245 criminal proceedings only, and do not apply when a person, who happens to be an inmate, is a defendant in a civil proceeding.
Whalen argues that the court's or jail's failure to transport him to the courthouse for the hearing deprived him of his right to a defense. Despite Whalen's failure to file an answer to the Petition In Rem, and despite his failure to attend the hearing, the court did not enter a default judgment against him. We note that the court had the benefit of Whalen's Motion to Dismiss, which outlined several procedural defenses (not defenses on the merits) he asserted against the forfeiture action. The court also had the affidavit of Susan Lampley Brown, objecting to the seizure of the property. The State presented its whole case, not merely evidence that would suffice in a default judgment proceeding (prima facie case), and the court rendered judgment accordingly.
In light of defendant's knowledge of the trial date, his failure to file a continuance, failure to seek issuance of a writ to secure his presence at the trial, failure to request to appear personally or have the proceeding conducted at the penal institution, we do not find that the trial court's proceeding without Whalen's presence was an abuse of discretion or prejudiced his ability to present a defense.

AnalysisIssue # 4
Last, Whalen contends that the forfeiture of his interest in the property constitutes double jeopardy.
The United States Supreme Court ruled on this issue in U.S. v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). In that decision, the Court held that civil forfeitures generally do not constitute "punishment" for purposes of the Double Jeopardy Clause.
Previously, Louisiana courts evaluated civil forfeitures by the two part test found in State v. Johnson, 94-0595, 94-1077 (La.1/16/96), 667 So.2d 510: Does the civil penalty (1) impose a sanction overwhelmingly disproportionate to the damages the offender has caused, and (2) bear no rational relation to the goal of compensating the government for the cost it was incurred in investigating and prosecuting the violation. But recent jurisprudence recognizes that the two part test from Johnson has been abrogated by the subsequent United States Supreme Court jurisprudence. See State v. Colarte, 96-0670 (La.App. 1 Cir. 12/20/96), 688 So.2d 587; State v. Perez, 95-2445 (La.App. 1 Cir. 12/20/96), 686 So.2d 114. Therefore, the civil forfeiture of Whalen's interest in the property does not constitute double jeopardy.
Accordingly, for the reasons assigned, we affirm the judgment of forfeiture.
AFFIRMED.
NOTES
[1] It is noted that a woman named Susan Brown was arrested with Michael Whalen at his residence on March 8, 1996, and was also charged with possession of heroin. It is not apparent from the record if the affiant is the same Susan Brown or a different one.
[2] This Motion is not in the record, but defendant attached it to his appellate brief, along with his certified mail receipt.