STEPHEN J. WINDHORST, Judge.
The State of Louisiana appeals from a judgment in favor of defendant, Jerry Hall, Jr., ordering the return of property which had been seized pursuant to LSA-R.S. 40:2601. For the reasons that follow, we affirm the ruling of the trial court.
FACTS AND PROCEDURAL HISTORY
Detective Michael Wright testified at trial that he was involved in a prescription monitoring program with the St. John Parish Sheriffs Office. During the course of his investigation in that department, arrest warrants were obtained for Kimela Lem-ieux Hall and her son, Bennie Lemieux.[1] A search warrant was also obtained for the residence that Mrs. Hall shared with her husband, Jerry Hall, Jr.
When the search warrant was executed, Mr. and Mrs. Hall were present at the residence. The officer found numerous prescription narcotics, as well as two firearms and ammunition. Both Mr. and Mrs. Hall were arrested.
Bennie Lemieux was summoned to the residence by a family member. When he arrived, he was driving a 1998 green Dodge truck, registered to Mr. Hall. Lemieux was arrested in front of the residence. A search of the truck uncovered a large quantity of prescription drugs. Five of the prescriptions used to obtain the drugs were fraudulent.
After his arrest, Lemieux made a statement to the police in which he admitted that he used the truck to drive to different pharmacies to obtain the drugs. He further stated that he had a deal with Mr. Hall to purchase the truck for $2,500.00, and that he had made two payments of $150.00 each toward the purchase.
Lemieux was subsequently convicted on charges stemming from doctor shopping and prescription fraud. Mrs. Hall was *51 also convicted on one count.[2] The charges against Mr. Hall were dismissed.
On November 7, 2011, the state filed an application for warrant of seizure for forfeiture, requesting seizure of the truck, the firearms and ammunition, and the narcotics. On October 12, 2011, the state filed its petition for forfeiture of these same items. Mr. Hall responded in proper person, alleging that the truck and his guns were not subject to seizure.
At the hearing of this matter, Detective Wright testified as to the issuance of the warrants and the arrests, as set forth above.
Mrs. Hall testified that Lemieux had been in possession of the truck for two days under an agreement that he would purchase the truck. Lemieux had advanced $200.00, plus an additional $50.00 for title transfer fees, once the truck had been paid for. Lemieux was unable to get the rest of the money to purchase the truck, and so Mr. and Mrs. Hall told him to return the truck by the weekend. Mrs. Hall further testified that she did not know that Lemieux had illegal prescriptions in the truck prior to his arrest.
In his affidavit in response to the petition for seizure, Mr. Hall averred that he alone is the registered owner of the truck, and that he had no knowledge that his vehicle was being used in the commission of a crime.
On March 21, 2012, the trial court rendered judgment in favor of the defendants, ordering the state to return to Mr. Hall the truck and the firearms and ammunition. The state appeals from the trial court’s ruling insofar as it orders the return of the truck to Mr. Hall.
ANALYSIS
Civil forfeiture is the process by which governments seize property without compensation to its owner, based on its connection with a crime. State v. Birdwell, 47,126 (La.App. 2 Cir. 5/16/12), 92 So.2d 1107, 1111. The 1996 truck was seized pursuant to the Seizure and Controlled Dangerous Substances Act, LSA-R.S. 40:2601, et seq. which allows forfeiture of property used to facilitate the commission of a drug-related offense. LSA-R.S. 40:2604. However, property is exempt from seizure if its owner was not legally accountable for the conduct giving rise to its forfeiture and did not know or could not have known of the conduct or that it was likely to occur. LSA-R.S. 40:2605.
At a forfeiture hearing, the state must prove, by a preponderance of the evidence, that there is a relationship of the property to be forfeited to the conduct that gives rise to the forfeiture. State v. Bell, 10-583 (La.App. 1 Cir. 10/29/10), 48 So.3d 1253; State v. Property Located at # 70 Oakland Street, 98-929 (La.App. 5 Cir. 1/26/99), 727 So.2d 1240, 1244. If the state meets this burden, the defendant must show by a preponderance of the evidence that his not subject to forfeiture. State v. Isaac, 31,277 (La.App. 3 Cir. 12/9/98), 722 So.2d 353, 354.
In this appeal, the state argues that the trial court erred in finding that the state failed to establish sufficient evidence to justify the forfeiture of the truck, and in ordering that the truck be returned to Mr. Hall. The state contends that the evidence proved that Mr. Hall had sold the truck to Lemieux. The state contends the fact that Lemieux had advanced money to *52 Mr. Hall and proved that Lemieux had an ownership interest in the truck at the time of his arrest. The contraband was found in the truck, and Lemieux was later convicted of drug offenses stemming from this arrest.
Mr. Hall did not file a brief in this appeal. However, at the hearing he argued, through his wife, that while he and Lemieux discussed a possible sale of the truck and accepted money in anticipation of the sale, the sale never happened and he retained ownership of the truck.
In its judgment, the trial court found that Mr. Hall was the owner of the truck, and that he had no knowledge that the truck was being used to facilitate any illegal drug activity by Lemieux. The court further found that the evidence was insufficient to prove that Lemieux used the truck when he obtained the prescriptions for physicians, or had them filled at the pharmacies, since the truck had been in Lemieux’s possession for only a short time.
In civil forfeiture proceedings, as in other civil matters, the trial court’s findings of fact are subject to the manifest error/clearly wrong standard of appellate review. State v. Birdwell, supra at 1112. To reverse a factfinder’s determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. S.J. v. Lafayette Parish School Bd., 2009-2195 (La.7/6/10), 41 So.3d 1119, 1128. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La.7/01/2011), 65 So.3d 1218, 1231. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous. S.J., supra at 1128.
The trial court’s finding, that the ownership of the truck remained with Mr. Hall, and that Mr. Hall was unaware that the truck was being used to facilitate any illegal drug activity, was reasonable given the evidence presented in this case. We cannot say that the trial court was manifestly erroneous or clearly wrong in its finding that Mr. Hall’s truck was not subject to forfeiture.
CONCLUSION
The trial court’s judgment dismissing the state’s claims and ordering the State of Louisiana and the Sheriff of St. Charles Parish to return to Jerry Hall, Jr. the 1998 Dodge truck, green in color, bearing License No. X068359, VIN 3B7HF13Y7WG192336 is affirmed. Costs are assessed against the plaintiff, State of Louisiana.
AFFIRMED

. While the state asserts that arrest warrants were obtained for all three defendants, Det. Wright in his testimony stated that when the search warrant was executed, only one of the suspects for which they had an arrest warrant, Kimela Hall, was on the scene. The other suspect was Bennie Lemieux, who arrived after the search warrant was executed and while the officers were conducting surveillance on the location.

. Mrs. Hall testified that she was convicted on one count because "I didn't disclose in writing from my primary to my surgeon that did my, my surgery on my hands, so my prescription did overlap, and they said I didn’t disclose it in writing."