No. 111,048

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS *ex rel*. LAWRENCE/DOUGLAS COUNTY DRUG ENFORCEMENT UNIT (DEU),
*Appellant*,

v.

$17,023 IN U.S. CURRENCY (more or less) and 721.38 GRAMS OF MARIJUANA,
*Appellee*.

SYLLABUS BY THE COURT

1.

Property seized for forfeiture under the Kansas Standard Asset Seizure and Forfeiture Act, K.S.A. 60-4101 *et seq.*, must be released to the owner or interest holder when the State fails to act within 90 days of the seizure by filing a notice of pending forfeiture or a judicial forfeiture action. K.S.A. 2013 Supp. 60-4109(a)(1). This language incentivizes swift action by State actors in forfeitures because it allows another individual to obtain some level of control over the seized property if the action is not timely pursued after seizure. But the release only occurs after a property owner or interest holder requests it, and it only allows the property owner or interest holder to recover the property and retain possession, as custodian for the court, for up to 90 days unless further extensions are granted by the court.

2.

The failure of the seizing agency to file a notice of pending forfeiture within 90 days of the seizure of property under the Kansas Standard Asset Seizure and Forfeiture Act, K.S.A. 60-4101 *et seq.*, does not deprive the district court of jurisdiction over the forfeiture action.

1

Appeal from Douglas District Court; MICHAEL J. MALONE, judge. Opinion filed July 3, 2014. Reversed and remanded.

*Patrick J. Hurley*, assistant district attorney, and *Charles E. Branson*, district attorney, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, P.J., BUSER and SCHROEDER, JJ.

ARNOLD-BURGER, J.:  As part of a criminal investigation, law enforcement officers seized money and marijuana from Jacob Gillihan. Several months later, the State initiated forfeiture proceedings against this property. After the State moved for default judgment, the district court determined that it lacked jurisdiction over the action because the State failed to file its notice of pending forfeiture within 90 days of seizing the property. Accordingly, it dismissed the case. Because we find that the 90-day rule relied on by the district court does not deprive it of jurisdiction, we reverse the district court's ruling.

FACTUAL AND PROCEDURAL HISTORY

On July 29, 2013, the State filed its initial notice of pending forfeiture over certain property it seized 5 months earlier, on February 14, 2013. The notice alleged that the property—approximately $17,023 in U.S. currency and 721.23 grams of marijuana—was either (1) the proceeds of or (2) used or intended to be used to facilitate violations of the Uniform Controlled Substance Act, K.S.A. 65-4101 *et seq*. This notice was properly served on the owner of the property, Gillihan, via first class mail with return receipt and via publication. See K.S.A. 2013 Supp. 60-4109(a)(3).

2

After the statutory period for filing claims against the property expired without anyone claiming an interest, the State filed an application for default judgment for forfeiture. It supported this application with a verified affidavit from law enforcement. However, the district court filed a letter indicating that the State had apparently failed to comply with what it called the "90-day rule" in K.S.A. 2013 Supp. 60-4109(a)(1). The district court interpreted the statute to require that the property be automatically and permanently returned to an owner or interest holder if the State does not file its notice of pending forfeiture within 90 days of seizure. Although the district court acknowledged that no one had asserted rights over the property, it reasoned that the State needed to show it was "entitled to forfeit the money regardless of its failure to serve timely notice under the forfeiture act." The district court requested that the State brief this issue.

The State responded first by filing an amended notice of pending forfeiture. In this amended notice, the State changed the date of seizure from February 14, 2013, to July 24, 2013. In a memorandum of law, the State argued that the 90-day rule in K.S.A. 2013 Supp. 60-4109(a) only applied if an owner or interest holder requested the return of the property—and that even a request by an owner or interest holder did not affect the State's ability to proceed with the forfeiture action. Additionally, the State appeared to base the changed date of seizure on when the Douglas County Drug Enforcement Unit completed its notice of seizure for forfeiture for Gillihan.

In December 2013, the district court issued a memorandum decision on the State's motion. The district court rejected the State's arguments, reasoning that the notice in K.S.A. 2013 Supp. 60-4109(a) constituted a due process requirement regardless of any requests for the property's return. Finding that forfeitures are disfavored under the law, the district court strictly construed the statute against forfeiture and determined that the 90-day rule was mandatory. The district court then found that the State's failure to comply with the statute stripped the court of jurisdiction and, accordingly, it dismissed the action.

The State timely appealed.

ANALYSIS

On appeal, the State essentially argues that the district court misinterpreted K.S.A. 2013 Supp. 60-4109(a) and that, without any requests for return of the property, the 90-day rule is inapplicable to the instant case. The State also discusses its theory of constructive seizure, arguing that the district court should have begun counting the 90 days in July 2013, not in February 2013.

*Standard of review*

Because this case revolves around the interpretation of a statute, this court exercises unlimited review. *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). However, when a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. *In re Tax Appeal of Burch*, 296 Kan. 713, 722, 294 P.3d 1155 (2013).

*We examine the Kansas Standard Asset Seizure and Forfeiture Act.*

The Kansas Standard Asset Seizure and Forfeiture Act (Act), K.S.A. 60-4101 *et seq.*, provides for the seizure and civil forfeiture of property. The Act enumerates not only those offenses and behaviors that allow for forfeiture and the property that is subject to the Act, but it also establishes the procedural mechanisms by which seizure and forfeiture occur. See K.S.A. 60-4101 *et seq.* In this case, there is no dispute that the property in question is subject to forfeiture under the Act. Similarly, nothing in the record

4

indicates that an owner or interest holder has claimed the property or asserted any other rights under the Act. Instead, the only issue is whether K.S.A. 2013 Supp. 60-4109(a) requires automatic dismissal of the forfeiture action if the State fails to act within 90 days of seizure.

Although this issue is narrow, it requires a broader understanding of the process and procedure of forfeiture under the Act. Property may be seized by what is called a seizing agency, provided that probable cause exists to believe the property is subject to forfeiture. K.S.A. 2013 Supp. 60-4107(a), (b). The seizing agency is simply "any department or agency . . . which regularly employs law enforcement officers and which employed the law enforcement officer who seized property for forfeiture." K.S.A. 60-4102(r). After the property is seized, the seizing agency forwards a written request for forfeiture "to the county or district attorney in whose jurisdiction the seizure occurred." K.S.A. 2013 Supp. 60-4107(g). The county or district attorney may then act on that request or decline it. K.S.A. 2013 Supp. 60-4107(h), (i). In certain situations, however, the seizing agency is permitted to employ an attorney other than a county or district attorney to pursue the forfeiture. K.S.A. 2013 Supp. 60-4107(h), (i). Because a variety of attorneys may litigate a forfeiture action, the Act employs the general term "plaintiff's attorney" to refer to the attorney who pursues a given forfeiture action. K.S.A. 60-4102(m).

Once property is seized for forfeiture, an owner or interest holder may file a claim to that property. K.S.A. 2013 Supp. 60-4111(a). The individual filing the claim—called the claimant—must explain both his or her interest in the property and why the property in question is not subject to forfeiture. K.S.A. 2013 Supp. 60-4111(b). Exemptions to forfeiture are listed in K.S.A. 60-4106. "The plaintiff's attorney may make an opportunity to file a petition for recognition of exemption available." K.S.A. 60-4110(a).

5

Forfeiture proceedings are formally commenced either "by filing a notice of pending forfeiture or a judicial forfeiture action." K.S.A. 2013 Supp. 60-4109(a). A notice of pending forfeiture is "a written statement by the plaintiff's attorney following a seizure of property but prior to the filing of a judicial complaint against such property." K.S.A. 60-4102(g).

It is the first method of commencing the action—the filing of a notice of pending forfeiture—that is at issue in this case. The specific subsection relevant to this appeal provides:

"If the plaintiff's attorney fails to initiate forfeiture proceedings by notice of pending forfeiture within 90 days against property seized for forfeiture . . . , the property shall be released on the request of an owner or interest holder to such owner's or interest holder's custody, as custodian for the court, pending further proceedings pursuant to this act. Such custodianship shall not exceed 90 days following the release to the owner or interest holder unless an extension is authorized by the court for good cause shown." K.S.A. 2013 Supp. 60-4109(a)(1).

Therefore, to succinctly summarize the subsection: If 90 days pass after the seizure of the property, and the State fails to file a notice of pending forfeiture and an owner or interest holder requests the property's release, that owner or interest holder may receive the property and hold it as custodian for the court, pending further proceedings under the Act. K.S.A. 2013 Supp. 60-4109(a)(1).

The statute continues on to discuss special timing rules following the filing of a petition for recognition of exemption and to set out the notice requirements for proceedings under the Act. K.S.A. 2013 Supp. 60-4109(a)(2), (a)(3). As previously stated, no claimants came forward regarding this property, and sufficiency of notice is not an issue. Additionally, K.S.A. 60-4123 provides that the provisions of the Act "shall be

liberally construed to effectuate its remedial purposes." The statute of limitations under the Act is 5 years. K.S.A. 60-4120.

*The district court was not deprived of jurisdiction when the State failed to file a notice of pending forfeiture within 90 days of the seizure of the property.*

To return to the specific issue in this case, the district court examined K.S.A. 2013 Supp. 60-4109(a)(1) and determined that there was a 90-day time limitation embedded within that subsection that stripped the district court of jurisdiction when the State failed to act. By the plain language of the statute, it is obvious that some sort of 90-day time limit exists. However, the limit in question is a narrow one, allowing for release of the property when the State fails to act within 90 days and the owner or interest holder requests the property be released. K.S.A. 2013 Supp. 60-4109(a)(1). This language incentivizes swift action by State actors in forfeitures because it allows another individual to obtain some level of control over the seized property if the action is not timely pursued after seizure. But it is clear from the statute that the release only occurs after an individual requests it, reading that the property "shall be released *on request of an owner or interest holder* to such owner's or interest's holder's custody." (Emphasis added.) K.S.A. 2013 Supp. 60-4109(a)(1). We find no ambiguity in the requirement that an owner or interest holder must first request release of the property.

Moreover, the statute indicates that the release of the property after 90 days is not a permanent relinquishment. For one, the owner or interest holder to whom the property is released holds the property "as custodian for the court," suggesting that the disposition of the property is not permanent at that time. K.S.A. 2013 Supp. 60-4109(a)(1). Because a custodian is one who "has charge or custody (of a child, property, papers or other valuables)" and custody is "[t]he care and control of a thing or person for inspection, preservation, or security," it is clear that the owner or interest holder to whom the property is released is not the permanent holder of the property. Black's Law Dictionary

7

467 (10th ed. 2014). The temporary nature of this disposition is consistent with other sections of the Act, which note that the seizing agency may do a number of things, including "provide for another agency or custodian, including an owner . . . to take custody of the property and service, maintain and operate it as reasonably necessary to maintain the property's value, in any appropriate location within the jurisdiction of the court." K.S.A. 60-4108(c)(4).

Additionally, the owner or interest holder is a custodian "pending further proceedings" under the Act. K.S.A. 2013 Supp. 60-4109(a)(1). Courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013). If, as the district court reasoned, failure to act within 90 days required the automatic release of property and an end to the district court's jurisdiction, the language referencing the necessity of a request to release the property and the "pending further proceedings" language would be rendered meaningless. Furthermore and, as previously stated, the Act's statute of limitations is 5 years. K.S.A. 60-4120. To allow that statute of limitations to be cut dramatically short due to the untimely filing of a notice of pending forfeiture would similarly render those provisions in subsection (a)(1) meaningless and create an absurd result.

No Kansas cases appear to directly address this issue, but courts from other states with similar forfeiture acts offer guidance. For instance, the similar Louisiana statute provides in relevant part:

> "If the district attorney fails to initiate forfeiture proceedings against property seized for
> forfeiture by serving Notice of Pending Forfeiture within one hundred twenty days after
> its seizure for forfeiture or if the state fails to pursue forfeiture of the property upon
> which a timely claim has been properly served by filing a Petition for Forfeiture

8

proceeding within ninety days after Notice of Pending Forfeiture, or if the district attorney fails to provide a written assertion, pursuant to the provisions of this Paragraph, the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to the provisions of this Chapter." La. Rev. Stat. § 40:2608(1)(a) (West 2014).

The Louisiana Court of Appeals discussed the operation of this statute in *State v. Property Located at Oakland St.*, 727 So. 2d 1240 (La. App. 1999). There, the State filed a notice of pending forfeiture against a criminal defendant's property in March 1997. The notice stated that the seizure of the property was in March 1996. After the State filed a petition for forfeiture in rem and the district court ordered that the property be forfeited, the criminal defendant challenged the validity of the proceedings in part because he argued that the State failed to comply with the 120-day rule in La. Rev. Stat. § 40:2608(1). Although the district court reversed a portion of its order of forfeiture for unrelated reasons, it dismissed the defendant's petition as it related to the real property at issue, and the defendant appealed.

In examining an earlier but virtually identical version of La. Rev. Stat. § 40:2608(1)(a), the court construed the statute releasing property to the owner as "a property owner's remedy for the untimely filing of Notice of Pending Forfeiture 'pending further proceedings . . . .'" 727 So. 2d at 1243. The court placed special emphasis on the statute's "'pending further proceedings pursuant to the provisions of this Chapter'" language and the 7-year statute of limitations in effect at the time of the action, reasoning that "the lapse of time between the date of seizure and the Notice of Pending Forfeiture does not serve to defeat the State's *in rem* action commenced by the filing of the Petition In Rem." 727 So. 2d at 1243. Instead, the court determined that "the lapse of time would only allow a provisional release of the property on request of an owner or interest holder pending further proceedings." 727 So. 2d at 1243. Moreover, the court noted that, according to the record, the owner—who did file a claim to the property—never requested the property's release. 727 So. 2d at 1243. Because the owner never requested

9

release, the court found that the argument regarding the State's delay in acting was moot. 727 So. 2d at 1244; see also *Turner v. State*, 213 Ga. App. 309, 311, 444 S.E.2d 372 (1994) (holding that, under recent statutory changes, an owner or interest holder's "sole remedy for any failure by the district attorney to initiate the present [forfeiture] action . . . was to request the return of the property pending further proceeding"); *State v. Branch*, 719 So. 2d 154, 155 (La. App. 1998) ("[T]he failure of the state to timely pursue forfeiture does not prevent the state from continuing forfeiture proceedings; failure to timely pursue forfeiture simply allows the property to be released upon a proper request to an owner or interest holder during the pendency of the forfeiture proceeding."). But see *In re $3,636.24*, 198 Ariz. 504, 506, 11 P.3d 1043 (Ariz. App. 2000) (holding that failure to comply with a similar, 60-day rule mandated release of property from seizure after the owner requested its release); *In re Property Seized From Williams*, 676 N.W.2d 607, 612-13 (Iowa 2004) (holding that because the State failed to follow the 90-day rule after the owner requested the property's release, the State lost its right to move for forfeiture and the district court lost the authority to hear the forfeiture action).

We agree with the rationale of the Louisiana and Georgia courts. Nothing in the record suggests that Gillihan or any other interest holder requested release of the property at issue here. Accordingly, the time limitation in K.S.A. 2013 Supp. 60-4109(a)(1) was inapplicable.

The State also contends that the property in question was not seized for the purposes of forfeiture until July 24, 2013, and urges this court to begin counting the 90-day time limit from the date of what it terms its constructive seizure of the property. However, the State's proposed distinction between seizure for criminal prosecution and seizure for forfeiture is immaterial to the outcome of this case; therefore, there is no need to address it here.

10

Because the 90-day time limitation in K.S.A. 2013 Supp. 60-4109(a)(1) did not apply and would not have deprived the court of jurisdiction if it did, the district court continued to have jurisdiction over the proceeding. As such, it erred in dismissing the action. Accordingly, its decision is reversed and the case remanded for further proceedings.

Reversed and remanded.